BENJAMIN B. WAGNER
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Direct:     (916) 554-2821
Facsimile: (916) 554-2900
edward.olsen@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MEYER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL B. DONLEY, SECRETARY, UNITED STATES DEPARTMENT OF THE AIR FORCE,<br><br>    Defendant. | CASE NO.:2:10-CV-02998 MCE (GGH)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Plaintiff, by and through her attorney of record, and Defendant, by and through his attorneys of record, hereby stipulate, subject to approval of the Court, to the following protective order in the above-captioned case.

Plaintiff filed an employment discrimination action under Title VII of the Civil Rights Act of 1964 on November 5, 2010, alleging that she was subjected to harassment based on her gender and retaliation during her employment with the Department of Air Force at Beale Air Force Base in violation of Title VII of the Civil Rights Act.  In discovery, plaintiff seeks a copy of her alleged harasser's Application for Federal Employment and documents in his employee work folder which reflect his work performance and complaints or discipline against him, which defendant has agreed to disclose on restricted basis, provided the following protective provisions shall be immediately and

-1-

strictly adhered to in light of the restrictions of the Privacy Act:

(1) Any copies of Bradley Ruthford's Application for Federal Employment and his employee work folder shall be redacted of personal identification information such as address, phone number, social security number, and date of birth.

(2) No protected document shall be disclosed outside of this lawsuit. Each and every protected document is to remain completely and fully confidential except between the parties to this lawsuit, their counsel, and counsel's staff; disclosures outside of this lawsuit are permitted only as reasonably needed for purposes of litigating this case and only after communicating any intended disclosure to the opposing party or, if represented, to their counsel, to discuss potential alternatives to disclosure. The documents will be marked "PRIV DEF." All persons having access to the documents covered by this Stipulation and Order will agree not to further disclose the documents, or the information they contain, other than in conformance with this Protective Order (or such further Order as the Court may enter), or the provisions of the Privacy Act, 5 U.S.C. § 552a(b). Each person who has been granted access to the documents will evidence such agreement by executing an Acknowledgment and Protective Order and serving all counsel. The acknowledgment is attached hereto as Exhibit A.

(3) No protected document is to become part of the public record, i.e., no protected document or copy thereof shall be filed with the court in any manner or context except under seal or as otherwise ordered by the trial judge.

(4) At the conclusion of this case and any ensuing appeal, all copies of any protected documents made available to plaintiff, or which may otherwise be in plaintiff's custody, immediately shall be turned over to defendant's counsel for immediate destruction.

(5) In the event that one or more of the parties uses a document subject to this Stipulation and Protective Order as evidence in a deposition or other discovery proceeding in this case, that portion of the deposition or other discovery proceeding shall be subject to this Protective Order, unless the Court first enters an Order modifying the limitations on further disclosure of the document.

//

//

//

| | | |
|---|---|---|
| DATED: June 23, 2011 | | BENJAMIN B. WAGNER<br>United States Attorney |
| | | |
| | | */s/ Edward A. Olsen*<br>EDWARD A. OLSEN<br>Assistant United States Attorney |
| | | |
| DATED: June 23, 2011 | | */s/ Victor C. Thuesen*<br>VICTOR C. THUESEN<br>Law Offices of Victor C. Thuesen<br>Attorney for Plaintiff |

## ORDER

Paragraph 3 of the Stipulation purports to allow a party to file under seal any document encompassed within this protective order. Paragraph 3 is modified to provide: No document shall be filed under seal unless in compliance with Eastern District Local Rule 141, and in conformance with Ninth Circuit standards for preclusion of public access to filed documents: good cause to seal for documents filed in connections with non-dispositive proceedings; compelling reasons to seal in connection with documents filed in dispositive proceedings. See Pintos v. Pacific Creditors Assn., 605 F.3d 665, 678-79 (9th Cir. 2010).

Pursuant to stipulation, and as modified, IT IS SO ORDERED

DATED: June 27, 2011                                  /s/ Gregory G. Hollows

                                                                    GREGORY G. HOLLOWS
                                                                    United States Magistrate Judge